UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

RIVER SEA SHIPPING AGENCY CO. LTD,

                              Plaintiff,              08 CV 6230 (SAS)

-v-

                                                      **VERIFIED COMPLAINT**

SWOLMER INTERNATIONAL TRADING B.V.
OJSC "ZEENODOLSKY ZAVOD IMENI GORKOGO,"
and ANDREY HOMEYLEV

                              Defendants.

-----------------------------------------------------------------x

        Plaintiff, RIVER SEA SHIPPING AGENCY CO. LTD (hereinafter "RIVER SEA

SHIPPING"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint

against Defendant SWOLMER INTERNATIONAL TRADING B.V. ("SWOLMER"),

ZEENODOLSKY ZAVOD IMENI GORKOGO (hereinafter, "ZEENODOLSKY"), and

ANDREY HOMEYLEV (hereinafter "HOMEYLEV") alleges upon information and

belief as follows:

## JURISDICTION

        1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

## THE PARTIES

        2.      At all times material hereto, Plaintiff, RIVER SEA SHIPPING, was and

still is a foreign business entity duly organized and existing pursuant to the laws of

Russia, with principal place of business at 2 office, 3 Semashko Str., Rosov-on-Don 344002, Russia.

3.    At all times material hereto, Defendant, SWOLMER, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Netherlands, with principal place of business at Postbus 4047, 3006 AA Rotterdam, Netherlands.

4.    At all times material hereto, Defendant, ZEENODOLSKY, upon information and belief, was and still is a foreign business entity with a principal place of business in Russia.

5.    At all times material hereto, Defendant, HOMEYLEV, upon information and belief, was and is a resident of Russia.

<u>AS A FIRST CAUSE OF ACTION</u>

6.    On November 20, 2007, RIVER SEA SHIPPING was engaged to act as port agent for the tanker "no name", with the dimensions LOA 149,35 m, Breadth 17,3 m, Depth 7,0 m, draft – 3,6 m by Defendant, SWOLMER, as owners, and was responsible for the sailing of the tanker from Zelendolsk, Russia to Astrakhan, Russia and the sailing of the escort tug "OT-1515," project P-153 on the route Astrakhan-Zelenodoslk-Astrakhan.  Thereafter, on November 21, 2007, RIVER SEA SHIPPING was engaged to act as the port agent by Defendant, SWOLMER, and was responsible for sailing of the tug "OT-1515" on the route Balakovo-Zelenodolsk-Astrakhan.  On November 30, 2007, RIVER SEA SHIPPING was engaged to act as port agent by Defendant SWOLMER, and to render locking through services in Volgograd GU, for the following ships: (1) Tanker LOA 149,35 m, Breadth 17,3 m, Depth 7,0 m, draft – 3,6 m,

(2) Tug "OT-1515, project P-153, and (3) Tug "Bars" project N758AM, sailing from Zelendolsk to Astrakhan.

7.    The aforementioned agency contracts are maritime contracts.

8.    Pursuant to the terms and conditions agreed between the parties, RIVER SEA SHIPPING and Defendant agreed, among other things that RIVER SEA SHIPPING would engage various necessary services and contractors for the benefit of the vessel and her owner.

9.    In accordance with the parties' agreements and as per Defendants' instructions, between November 24, 2007 and December 14, 2007, the Plaintiff rendered services and was caused to incur charges in the amount of USD$146,000.00.

10.    Despite numerous demands by RIVER SEA SHIPPING to Defendant, and Defendants' express promises to pay the full amount claimed to be outstanding disbursements, Defendant, in breach of the terms of the December agency agreement, have failed to or otherwise neglected to pay the outstanding.  The amount due and owing to RIVER SEA SHIPPING is, namely, USD$146,000.00.

11.    As per the relevant agency contracts, Plaintiff is properly to be awarded its cost, legal fees and interest for the protection of this claim, which as best as can be determined are approximately USD$40,000.00 and growing.

12.    There is no dispute that RIVER SEA SHIPPING is owed USD$146,000.00 plus costs, fees and interest.

13.    Therefore, RIVER SEA SHIPPING's total claim for breach of the maritime contract against Defendants is in the aggregate USD$186,000.00.

14.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant SWOLMER and Defendants ZEENODOLSKY and HOMEYLEV, that no separation exists between them and the corporate form of Defendants ZEENODOLSKY and HOMEYLEV has been disregarded such that Defendant SWOLMER primarily transacted the business of Defendants ZEENODOLSKY and HOMEYLEV.

15.     Upon information and belief, at all material times, Defendant SWOLMER, operated in the name of Defendants ZEENODOLSKY and HOMEYLEV such that Defendant SWOLMER was the beneficial owner of ZEENODOLSKY and HOMEYLEV.

16.     Upon information and belief, ZEENODOLSKY and HOMEYLEV hold themselves out as subsidiaries within the "SWOLMER" network.

17.     Upon information and belief, ZEENODOLSKY and HOMEYLEV are each one of several entities which is operated, controlled and managed as a single economic enterprise known as "SWOLMER."

18.     Upon information and belief, among the entities which comprise the "SWOLMER" network, including ZEENODOLSKY and HOMEYLEV, there is a commonality of control and management centered with SWOLMER and an overlap of officers, directors and employees.

19.     Upon information and belief, at all material times, Defendants SWOLMER, ZEENODOLSKY and HOMEYLEV, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

4

20.     Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

21.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

22.     Upon information and belief, at all material times, Defendant SWOLMER, has dominated, controlled and used Defendants ZEENODOLSKY and HOMEYLEV for its own purposes such that there is no meaningful difference between the entities.

23.     Upon information and belief, at all material times, Defendant SWOLMER has disregarded the corporate form of Defendants ZEENODOLSKY and HOMEYLEV to the extent that Defendant SWOLMER, was actually carrying on ZEENODOLSKY and HOMEYLEV's business and operations as if the same were its own, or vice versa.

24.     Upon information and belief, Defendant SWOLMER utilizes the Defendants ZEENODOLSKY and HOMEYLEV, to transfer funds through, to and from the Southern District of New York on its behalf.

25.     Upon information and belief, there are reasonable grounds to conclude that the Defendants ZEENODOLSKY and HOMEYLEV are the alter-egos of Defendant SWOLMER and, therefore, Plaintiff RIVER SEA SHIPPING has a valid prima facie *in personam* claim against Defendants ZEENODOLSKY and HOMEYLEV based upon alter ego liability.

## BASIS FOR ATTACHMENT

26.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

27.    Plaintiff believes that some of these assets, to wit:  accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD$279,000.00[1], to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.     That Plaintiff may have such other, further and different relief as may be just and proper.

---

[1] Plaintiff respectfully advises that pursuant to Supplemental Rule E(5)(a), Plaintiff is entitled to obtain security of up to twice the amount of its claim. Here, Plaintiff has simply asked this Honorable Court to permit Plaintiff to obtain security in the amount of 150% of the Plaintiff's claim in order to adequately secure Plaintiff for its claim for, inter alia, costs, fees and interest, all of which are continuing to accrue.

Dated:  Oyster Bay, New York
         July 9, 2008

CHALOS & CO, P.C.
Attorneys for Plaintiff
RIVER-SEA SHIPPING AGENCY CO. LTD

By:

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (866) 702-4577
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RIVER SEA SHIPPING AGENCY CO. LTD,

                                              Plaintiff,                    08 CV **6230 (SAS)**

          -v-

                                                                            **VERIFICATION OF
                                                                            COMPLAINT**

SWOLMER INTERNATIONAL TRADING B.V.,
OJSC "ZEENODOLSKY ZAVOD IMENI GORKOGO," and
ANDREY HOMEYLEV

                                              Defendants.
-------------------------------------------------------------------x


          Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

          1.        I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

RIVER SEA SHIPPING AGENCY CO. LTD, herein;

          2.        I have read the foregoing Verified Complaint and know the contents thereof; and

          3.        I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

          4.        The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

          I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       July 9, 2008

                                        CHALOS & CO, P.C.
                                        Attorneys for Plaintiff
                                        RIVER SEA SHIPPING AGENCY CO. LTD

                            By:    _____
                                        George M. Chalos (GC-8693)
                                        123 South Street
                                        Oyster Bay, New York 11771
                                        Tel: (516) 714-4300
                                        Fax: (866) 702-4577
                                        Email: gmc@chaloslaw.com

2